UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JUANA PEREZ,

                    Plaintiff,

               -against-                         19-CV-9329 (CM)

STATE OF NEW YORK; POLICE DEPT. OF        ORDER
NEW YORK; PORT AUTHORITY BUS
STATION,

                    Defendants.

COLLEEN MCMAHON, United States District Judge:

    By order dated October 9, 2019, the Court dismissed this action without prejudice as a duplicate action because Plaintiff already had a substantially similar action pending in this Court, *Perez. v. NY Police*, No. 1:19-CV-8251, 2 (CM) (S.D.N.Y.). The Court entered judgment in this action on October 10, 2019. On December 12, 2019, the Court denied Plaintiff's motion for an extension of time to appeal the dismissal without prejudice, because the motion form was blank and Plaintiff thus had not shown good cause for an extension of time to appeal. (ECF 5.)

    More than five years later, on August 6, 2025 and September 9, 2025, Plaintiff filed additional motions seeking an extension of time to appeal. (ECF 8, 10). For the following reasons, the motions are denied.

## DISCUSSION

**A.    Timeliness of Motion for Extension of Time to Appeal**

    Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires a notice of appeal in a civil case to be filed within thirty days of entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). The district court may extend the time to file a notice of appeal, however, if the motion is filed

within thirty days of the expiration of the time to file notice of appeal, and if the moving party shows excusable neglect or good cause for untimely filing. *See* Fed. R. App. P. 4(a)(5)(A).

This 30-day period for seeking an extension is a "strict jurisdictional" deadline. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001). Even where a litigant shows excusable neglect, the district court cannot grant a motion for an extension of time to appeal that was filed more than 60 days after entry of judgment. *Id.* at 245 ("[E]ven assuming that [the moving party] made a showing of good cause for an extension, the untimely motion should not have been entertained."). Plaintiff's motions were filed in 2025, far beyond 60 days after entry of judgment on October 10, 2019. The motions are therefore untimely, and the Court cannot, under Rule 4(a)(5)(A), extend the time to appeal.

B.   **Lack of Notice of Entry of Judgment**

Under Rule 4(a)(6) of the Federal Rules of Appellate Procedure, a district court may reopen the time to file a notice of appeal if: (1) the court finds that the moving party did not receive notice of entry of the judgment it seeks to appeal; (2) the motion is filed within 180 days after judgment is entered or within 14 days of the moving party receiving notice of entry, whichever is earlier; and (3) the court determines that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

Plaintiff states in a letter to the court received on March 26, 2025, that she "never received any letter from court." (ECF 7.) She further alleges that, on unspecified dates, she was in intensive care at Lincoln Hospital for 49 days and that this action is a "special case" that she "need[s] to reopen." (*Id.*) In her motion, Plaintiff asserts that she needs an extension because should "could not go out to work" due to chemicals in the street and "her body." (ECF 8 at 1.) Plaintiff further states that she is "pregnant" and needs "to gather the money to pay court." (ECF 10 at 1.) These motions were filed well beyond 180 days after entry of judgment, and Plaintiff

does not give any indication of the date that she received notice of entry of judgment. Plaintiff thus has not shown any basis for reopening, under Rule 4(a)(6), the time to appeal.

Finally, the Court notes that Plaintiff's appeal was already dismissed, effective September 16, 2025, for her failure to pay the filing fee or submit an application to proceed *in forma pauperis* on appeal. *Perez v. State of New York*, No. 25-1920 (2d Cir. Aug. 26, 2025).

## CONCLUSION

Plaintiff's motions for an extension of time to appeal (ECF 8, 10) are denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: 10/27/2025
New York, New York

COLLEEN McMAHON
United States District Judge